UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IFC CREDIT CORPORATION,           )
                                  )
                Plaintiff,        )   Case No. 08 C 6626
        v.                        )
                                  )   Judge Joan B. Gottschall
SUN STATE CAPITAL CORPORATION,    )
                                  )
                Defendant.        )

# MEMORANDUM OPINION & ORDER

Plaintiff IFC Credit Corporation brought this action for breach of a broker/lessor agreement against defendant Sun State Capital Corporation. Twelve days before IFC filed this suit, Sun State filed its own suit against IFC and IFC's subsidiary in Texas state court. In response to IFC's complaint in this case, Sun State has filed three motions: (1) to dismiss for lack of personal jurisdiction or improper venue; (2) to stay this action pending resolution of the Texas lawsuit; and (3) to abstain from trying this action in light of the Texas suit. IFC responded to the jurisdictional and venue motion but not to the motions regarding stay and abstention.

One issue requires attention before disposing of these motions. On August 20, 2009, Sun State filed a Notice of Filing for Bankruptcy Protection, indicating that in the previous month IFC filed a voluntary chapter 7 petition for liquidation. The Bankruptcy Code imposes an automatic stay against efforts outside of bankruptcy to collect debts from the debtor. *See Aiello v. Providian Fin. Corp.*, 239 F.3d 876, 878 (7th Cir. 2001) (citing 11 U.S.C. § 362). However, the debtor in this case is the plaintiff, and the statute's automatic stay does not operate against actions brought by the debtor. *See* 11 U.S.C. § 362(a). Sun State does not urge the application of such a rule here, instead just

1

giving notice to the court of the pending bankruptcy case. Therefore, a stay of this action solely on the ground of IFC's pending bankruptcy is unwarranted, and resolution of Sun State's motion is proper.

## I. ANALYSIS

### A. Motion to Dismiss

Sun State initially urges that this case should be dismissed for lack of jurisdiction or for improper venue. Subject matter jurisdiction in this case is predicated on diversity, meaning that the court applies the personal jurisdiction law of Illinois as long as such law falls within the bounds of federal constitutional due process. *Dehmlow v. Austin Fireworks*, 963 F.2d 941, 945 (7th Cir. 1992). According to Sun State, it has never conducted any business, advertised, or operated an office in Illinois. IFC disputes none of this, and instead points to the following clause in the agreement forming the basis of the parties' dispute:

> Choices of law and venue: This agreement shall be considered to have been made in the State of Illinois and shall be interpreted with the laws and regulations of the state of Illinois. [Sun State] agrees to Illinois jurisdiction in any action, suit or proceeding arising out of this agreement and concedes that it, and each of each of them transacted business in the state of Illinois by entering into this agreement. Furthermore, [Sun State] agrees that venue is in Cook County, Illinois.

(Pl.'s Resp. Ex A, at 2.) A forum-selection clause such as the one at issue here operates as a waiver of objections to personal jurisdiction. *See IFC Credit Corp. v. Aliano Bros. Gen. Contractors, Inc.*, 437 F.3d 606, 609-10 (7th Cir. 2006). Sun State cites no authority to the contrary, and at no point argues that the above-quoted clause does not act as a waiver of its objections to personal jurisdiction. Nor could it: in addition to agreeing to venue in Illinois, Sun State specifically agreed to jurisdiction here.

2

Instead, Sun State cites numerous inapplicable Texas state cases, a curious tactic that pales in comparison to Sun State's even more curious choice of headings. *See* Mem. 4 ("**This Case Should Not be Dismissed Because the Forum Selection Clause is Only Permissive and Not Mandatory**") (emphasis in original); *id.* 7 ("**Alternatively, This Cause Should Not be Dismissed Because** . . .") (same); *id.* 8 ("**This Case Should Not Be Dismissed Because** . . .") (same); *id.* 7 ("The venue clause in the Broker Agreement is thus not a proper basis for dismissal."). Sun State, which has moved for dismissal, here argues that the case should not be dismissed. The only sequence of events that the court can conceive of that would lead to such a bizarre result is that (1) IFC previously moved for dismissal of the Texas state case based on the same contractual clause at issue here, arguing that the clause compels dismissal of that case in favor of re-filing here, and (2) Sun State's counsel simply cut and pasted its arguments from its opposition to dismissal in that case into its motion here. Whatever the cause, such sloppy advocacy is at minimum a disservice to Sun State and a waste of judicial resources. Sun State's motion to dismiss should be denied on that ground alone.

Even on its remaining merits, though, Sun State's motion to dismiss fails. All of Sun State's cited cases involve a defendant *invoking* a forum-selection clause to obtain dismissal; presumably, IFC was such a defendant, urging dismissal on forum-selection grounds in the Texas case. But this case is the mirror image, with defendant Sun State seeking to explain away a venue-selection and jurisdictional-waiver clause, not to invoke it. While the operative clause is likely permissive, *see Paper Express, Ltd. v. Pfankuch Machinen GmbH*, 972 F.2d 753, 756 (7th Cir. 1992) (discussing case in which clause mandating that venue "is" somewhere found to be permissive), permission to file here

3

and haul Sun State into court here is all IFC needs. Because the contract at issue grants IFC permission to sue in this venue[1] and subjects Sun State to personal jurisdiction here, IFC was entitled to do so. Sun State's motion to dismiss is denied.[2]

**B. First-to-File Rule**

Sun State next argues that because it filed suit first in Texas, this court should either stay or dismiss this case pursuant to the "first-to-file" rule. Again, Sun State does not cite relevant precedent, relying instead on a smattering of cases from other federal courts. The Seventh Circuit has repeatedly noted that it "does not rigidly adhere to a 'first-to-file' rule . . . ." *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995); *see also Newell Operating Co. v. Int'l Union of United Auto., Aerospace, & Agric. Implement Workers of Am., U.A..W.*, 532 F.3d 583, 588 (7th Cir. 2008). The appellate court has also recognized that a district court in its discretion can defer to another *federal* proceeding in dismissing duplicative litigation. *Trippe Mfg. Co.*, 46 F.3d at 629.

Here, Sun State asks for a stay of this case pending *state* litigation but cites numerous cases that, like the cases above, authorize the stay of a later-filed case only where both actions are pending in federal court. *See Thomas & Betts Corp. v. Hayes*, 222 F. Supp. 2d 9994, 995-96 (W.D. Tenn. 2002); *see also Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997); *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603-04 (5th Cir.

---

[1] Sun State has made no argument that this federal court does not fit within the venue of "Cook County, Illinois," and the court declines to find as much.

[2] Sun State repeatedly states that, if the court does not dismiss this case, it should transfer the case to the United States District Court for the Northern District of Texas. It is unclear whether Sun State requests transfer under 28 U.S.C. § 1404 or § 1406 because Sun State cites no statute or other relevant authority regarding transfer. The merits of a transfer under either authority are similarly unclear. The court will not construct Sun State's arguments for it. Insofar as Sun State's motion can be construed to request transfer, it is denied for Sun State's failure to carry its burden of persuasion.

1999); *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). Because the earlier-filed Texas action is pending in state, not federal court, Sun State has failed to elucidate any basis for staying this action under the "first-to-file" rule.

## C.  Motion to Abstain

Perhaps recognizing the inevitability of the above ruling, Sun State next moves for abstention pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976).[3] Proceeding from the "general proposition that federal courts have a 'virtually unflagging obligation to exercise the jurisdiction conferred on them by Congress,'" *Colorado River* allows a federal district court to abstain from jurisdiction in light of a parallel action only in "'exceptional circumstances.'" *Sverdrup Corp. v. Edwardsville Cmty. Unit Sch. Dist. No. 7*, 125 F.3d 546, 549 (7th Cir. 1997) (quoting *Colo. River Conservation Dist.*, 424 U.S. at 817, 818-20). Taken with *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 23, 26 (1983), the Supreme Court has counseled that a court determining the propriety of *Colorado River* abstention should consider six factors:  the difficulties posed when a state and federal court assume jurisdiction over the same *res*; the relative inconvenience of the federal forum; the need to avoid piecemeal litigation; the order in which the state and federal proceedings were filed; whether state or federal law provides the rule of decision, and whether the state action protects the federal plaintiff's rights. *Sverdrup*, 125 F.3d at 549. The Seventh Circuit, relying on other indications from the Supreme Court, has added four additional factors: the relative progress of the two cases, the presence or absence of

---

[3]  More precisely put, Sun State moves for abstention, then reveals in reply that it seeks such relief pursuant to *Colorado River*.

concurrent jurisdiction, the availability of removal, and the vexatious or contrived nature of the federal claim. *Id.*

IFC did not indicate whether it opposes abstention. Nevertheless, given its "virtually unflagging obligation to exercise . . . jurisdiction," this court considers the propriety of abstention. There can be no dispute that the two actions are parallel. IFC and Sun State are parties to both actions, and the only difference in parties is IFC's subsidiary, which is a party to the Texas suit but not this one. The subsidiary's prospective liability in the Texas suit appears, from the parties' briefs, to be coterminous with that of IFC. Both actions pertain to the parties' alleged breaches of the broker/lessor agreement. That the posture of the parties is reversed between the two cases, with IFC as a defendant in the Texas suit but a plaintiff here, and Sun State vice versa, is immaterial. *See Calvert Fire Ins. Co. v. Am. Mut. Rinsurance Co.*, 600 F.2d 1228, 1229 n.1 (7th Cir. 1979); *see also Huck v. Johnson*, No. 92 C 7857, 1993 WL 239048, at *2 (N.D. Ill. May 25, 1993). The two actions involve substantially the same parties and substantially the same issues, and are therefore parallel. *See Interstate Material Corp. v. City of Chi.*, 847 F.2d 1285, 1288 (7th Cir. 1988).

Turning to the factors for consideration, at least six such factors indicate that dismissal is proper. IFC's subsidiary, which appears to have entered into the subject agreement, is based in Texas, and Sun State is an Arizona corporation, much closer to Texas than to this court. IFC's claim here arises from the same set of facts as the Texas suit, meaning that these two claims could be resolved much more expeditiously together than apart. The Texas litigation began earlier and, as of the time of Sun State's reply, had advanced further than this case. This is a diversity case meaning state law (possibly

Illinois, according to the subject contract) governs. Neither party has identified any federal question implicated by this suit. Finally, while, IFC protests that it planned to file this complaint at least at the same time Sun State filed its suit, IFC, recognizing that Sun State had already filed suit, likely could have brought the instant suit as a counterclaim.

*Colorado River* abstention may be proper in this case. As the Seventh Circuit has noted, given this doctrine's primary concern with the avoidance of piecemeal litigation, a stay, rather than dismissal, would the proper remedy. *See Ill. Sch. Dist. Agency v. Pac. Ins. Co., Ltd.*, 471 F.3d 714, 724 n.4 (7th Cir. 2006) (citing *Rosser v. Chrysler Corp.*, 864 F.2d 1299, 1308-09 (7th Cir. 1988)).

However, such a stay is not warranted at this juncture. The parties have not indicated whether or how the state court resolved the pending motion to dismiss before it. If the state court agreed to dismiss that suit in favor of re-filing here, a stay would serve little purpose. Moreover, it is unclear whether the state court case has been stayed by the bankruptcy proceeding; if so, a stay of this action would do little to resolve expediently the dispute between IFC and Sun State. Therefore, Sun State's motion for *Colorado River* abstention is denied without prejudice.

## II. CONCLUSION

For the reasons stated above, the court denies Sun State's motion to abstain without prejudice, and denies its motions to dismiss or transfer and to abate.

ENTER:

              /s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: March 18, 2010